# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| KENT FAULKNER, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | Case No. CIV-19-1173-D |
| ODOC DIRECTOR SCOTT CROW, et al. | ) |  |
| Respondents. | ) |  |

# O R D E R

This matter is before the Court for review of the Report and Recommendation [Doc. No. 6] issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Upon initial screening, Judge Purcell recommended that the Court: (1) deny Plaintiff's motion for leave to proceed *in forma pauperis*; (2) order the payment of the full filing fee by January 9, 2020; and (3) dismiss this action without prejudice if Plaintiff fails to timely pay the filing fee.

Within the time limits authorized by the Court, Plaintiff filed an objection on January 2, 2020. [Doc. No. 8]. Plaintiff also filed a Motion for an Extension of Time [Doc. No. 7], asking the Court to extend the time within which he would be allowed to pay the filing fee. Accordingly, the Court must make a *de novo* determination of any portion of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3).

In his objection, Plaintiff does not claim he should not have to pay the full filing fee. Rather, he agrees that he has sufficient funds in his savings account but asks the Court to

issue an order directing the Oklahoma Department of Corrections ("OCDC") to pay the filing fees from his savings account. Objection at 1.

The determination of Plaintiff's Applications is not dependent upon the account from which Plaintiff prefers to pay his filing fee, but on whether he has sufficient funds available for him to do so. Plaintiff's Applications and accompanying documentation, along with his Objection, demonstrate that he has sufficient funds to pay the filing fee and "there is no indication in the record that would render plaintiff unable to use these funds to support his litigation." *Pack v. Kaiser*, 991 F.2d 805 (10th Cir. 1993).

Plaintiff cites to no caselaw, statute, or ODOC procedure requiring a court order to access funds from his mandatory savings account for the payment of filing fees. Pursuant to OKLA. STAT. tit. 57 § 549 (A)(5), "funds from this [mandatory savings] account may be used by the inmate for fees or costs in filing a [federal] civil or criminal action." Funds may be accessed by "receiving written documentation from the court clerk showing the amount required to file the case." ODOC Offender Banking System, OP-12030(I)(A)(2) (eff. June 22, 2017).

Plaintiff is also concerned with his ability to serve subpoenas on Defendants. The issues raised by Plaintiff on this matter were not before the magistrate and are not for the Court to address at this point in the proceedings.

Upon *de novo* consideration of the issues raised by Plaintiff, the Court concurs with Judge Purcell's conclusion that Plaintiff has sufficient funds to pay the required filing fees.

For good cause shown, the Court, further, GRANTS Plaintiff's Motion for an Extension of Time [Doc. No. 7] and agrees to extend the time within which Plaintiff may pay his filing fee.

Accordingly, Judge Purcell's Report and Recommendation is ADOPTED in part. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. No. 2] is DENIED. Plaintiff shall pay the full filing fee on or before February 10, 2020. If Plaintiff fails to pay the filing fee within the specified time or show good cause for nonpayment by that date, the Court, without further notice to Plaintiff, will dismiss this action without prejudice.

**IT IS SO ORDERED** this 7th day of January, 2020.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge